

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00261-CR

Joseph **RIOS**,
Appellants

v.

The **STATE** of Texas,
Appellees

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR4757
Honorable Philip A. Kazen Jr., Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  June 3, 2015

DISMISSED

Pursuant to a plea bargain agreement with the State, appellant pled nolo contendere to "BURGLARY HABITATION — FORCE (REPEATER)."  As part of his plea bargain, appellant signed a separate "Waiver of Appeal."  The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal."  *See* TEX. R. APP. P. 25.2(a)(2).  Appellant timely filed a notice of appeal.  The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed.  *See id.* R. 25.2(d).  This court must dismiss

an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The court gave appellant notice that the appeal would be dismissed unless: (1) an amended trial court certification showing he has the right to appeal were made part of the appellate record within thirty days, and (2) he obtained permission from the trial court to appeal. *See id.* R. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Appellant's s appointed appellate counsel filed a written response, stating he has reviewed the record and can find no right of appeal. After reviewing the record and counsel's notice, we agree that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish